ANSTEAD, Judge.
This is an appeal from a judgment entered in a medical negligence case pursuant to a directed verdict which was granted in favor of the appellees, Roger D. Crews, M.D. and Argonaut Insurance Company.
*1122 Mabel Brown, then 60 years old, came under the care of Dr. Crews in early 1973 for weight loss and anemia. Mrs. Brown had a history of being chronically ill. She was hospitalized by Dr. Crews for testing and treatment, and thereafter a diagnosis of diabetes was rendered. Shortly before discharge from the hospital, Dr. Crews treated Mrs. Brown with a drug known as Dymelor, described as an oral hypoglycemic designed to reduce the amount of sugar in the blood. Upon discharge on March 20, 1973, she was given a prescription for Dymelor and instructed to see Dr. Crews in his office in two or three weeks.
On April 9 Mrs. Brown saw Dr. Crews at his office and related that she was not feeling well. He recommended she go back into the hospital but she refused. Immediately upon exiting the doctor’s office, she discussed with her sister-in-law, who had accompanied her, the fact that she had been taking the wrong medication. In fact, by the druggist’s error, she had been given Diamox, a diuretic, instead of Dymelor, when she had her prescription filled. This mistake was discovered on April 9, the day she went to see Dr. Crews, although he subsequently denied knowledge of the mistake. On the same day she secured the correct medication and took it until April 11,1973, when she lapsed into a coma. She was hospitalized on that date in a markedly dehydrated condition with a profoundly low blood sugar level. She died on May 23, 1973, without ever awakening from the coma. Dr. Crews testified that her death was secondary to profound hypoglycemia, a condition involving a marked decrease in her blood sugar level.
As to the April 9 visit, Dr. Crews testified that he would not have allowed Mrs. Brown to resume taking Dymelor without strict hospital supervision if he had known she had been taking the wrong medication previously. Another physician testified about the use of Dymelor as follows:
The fact that the mistake was discovered and she began taking Dymelor and then is admitted to a hospital with a blood sugar of 29 percent definitely shows she reacted adversely to the Dymelor.
[[Image here]]
But I would have to conclude from what you have told me, if it is the truth, that the Dymelor that she took the last two days was far more contributory to her death than the Diamox she took for the three weeks prior to that.
Considering the testimony of Dr. Crews together with the testimony of the other physician quoted above, it could be concluded that Mrs. Brown’s hypoglycemic condition was at least partially attributable to her adverse reaction to the Dymelor which she resumed taking on April 9.
The question is whether these circumstances create a sufficient issue of fact to prevent a directed verdict from being entered on the issue of negligence as to Dr. Crews. We believe they do. According to his own testimony, Dr. Crews would not have allowed Mrs. Brown to resume the use of Dymelor without hospital supervision. There is evidence that the resumption of the Dymelor did have an adverse effect on Mrs. Brown. The only question remaining is whether there is any evidence that Dr. Crews learned of the error in filling the prescription on April 9. He denies it. However, the mistake was not discovered until Mrs. Brown went into his office on the 9th. Immediately upon exiting his office she disclosed the mistake to her sister-in-law, and the prescription was corrected later on the same day. On the motion for directed verdict the appellant was entitled to have not only the evidence, but also all proper inferences therefrom, construed in his favor. One of those inferences was that Mrs. Brown learned of the mistaken prescription from Dr. Crews on the April 9th office visit. That being so, we believe it was error for a directed verdict to be granted.
Accordingly, this cause is hereby reversed and remanded for a new trial in accordance with this opinion.
DOWNEY, C. J., and LETTS, J., concur.